IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **UNCENSORED AMERICA,** | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 3:24-cv-5437-SAL |
| **UNIVERSITY OF SOUTH CAROLINA,** | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL**

The Plaintiff, UNCENSORED AMERICA (hereinafter "Plaintiff"), by and through counsel, hereby brings forth this action against Defendants, UNIVERSITY OF SOUTH CAROLINA, to redress the unlawful violation of the First Amendment.

**INTRODUCTION AND STATEMENT OF THE CASE**

1.  Uncensored America is a nonpartisan, nonprofit organization dedicated to fighting for freedom of speech. The University of South Carolina student-led chapter of Uncensored America applied for funding for an event to be held on September 18, 2024.

2.  Prior to the meeting, a petition circulated online and garnered over 26,000 signatures urging that the University cancel the event. The voices that oppose free speech and demand censorship of certain viewpoints grew so loud that it became a statewide controversy and eventually reached the attention of the White House. State Representative Leon Howard joined the chorus demanding censorship of views that he does not approve of and stated "It's unacceptable

that a public institution like USC would provide a platform for hateful ideologies … This event doesn't reflect the values of inclusion and respect that we should uphold as a society." Joshua Cooper, a tenured professor in the department of mathematics at the University of South Carolina, added baseless accusations of antisemitism and stated: "As a Jew, I feel unsafe on campus with antisemitic Proud Boys being platformed by USC at their event next week. I'm deeply disappointed that [University] President Amiridis and AG Wilson have not addressed this. Instead, they are meeting with emissaries of a country actively carrying out a genocide in our name [referring to Israel], peddling superficial platitudes that betray the memory of Holocaust victims to silence historical Jewish commitments to human dignity and solidarity with the oppressed. Their actions do not match up with their stated claim to care about the safety of campus community from bigotry and racist violence." The NAACP sent a letter stating: "Hate speech has long served as a weapon to undermine the progress of our nation. At a time where we are witnessing groundbreaking history, bad actors aim to cast a dark shadow on those very achievements. If South Carolina University's leadership values their Black students, it's only right they shut this event down. Our nation's schools must remain havens for learning, not platforms for hate. It is imperative that the university takes swift action in this matter and protects the campus community from patterns of divisiveness and degradation."

3.    South Carolina Governor Henry McMaster chimed in and rightly noted that "unless there's some true threat, unless there's a real danger involved, which you probably will not know until it gets started, the university has no right to cancel it." United States Senator Lindsey Graham also noted in a statement that Uncensored America has a right to free speech.

4. The University has repeatedly granted funding to the group Students for Justice in Palestine, a group that supports Hamas and has caused Jewish students to feel unsafe on campuses across the Country. The University has also funded College Democrats of America.

5. Ultimately, at a meeting on September 11, 2024, the student government voted to deny funding to Uncensored America. The decision was because the student representatives disagreed with the viewpoint of the speakers, in direct violation of school policy. This denial is a clear violation of the First Amendment of the Constitution. This lawsuit seeks to redress the harm caused by that violation.

## PARTIES

6. Plaintiff, UNCENSORED AMERICA, is a not-for-profit organization under 501(c)(3).

7. Defendant, UNIVERSITY OF SOUTH CAROLINA, is a public university. It is a corporate, governmental body created pursuant to the laws of the State of South Carolina and located within this judicial district.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343(3), and 42 U.S.C. § 1983, which confer original jurisdiction on federal district courts in suits to redress the deprivation of rights, privileges and immunities secured by the laws and Constitution of the United States. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because the acts and transactions complained of occurred, and continue to occur in this District.

## FACTS

10. Plaintiff is a 501(c)(3) nonprofit organization that advocates for free speech.

11. Plaintiff has a student-led chapter that operates on Defendant's campus.

12. Plaintiff scheduled a comedy show for September 18, 2024 that included two comedians.

13. Flyers advertising the event indicated that the comedians would make jokes about Presidential Candidate Kamala Harris.

14. At the University of South Carolina, student led organizations are eligible for school funds for their events. Pursuant to Chapter 3, Article V, Section 10 of the Student Government Code, "The Student Senate may allocate funds from the Undergraduate Organizational Fund to Student Organizations."

15. "Student Organizations shall neither be discriminated against nor given preferential treatment based on their viewpoint, in compliance with university policy and federal, state, and local law."

16. Accordingly, Defendant has an obligation to fund student organizations through student government, and the decision to fund must be viewpoint neutral.

17. As a public University, the University and its agents, including the student government authorized to make funding allocation decisions, act under the color of state law.

18. Plaintiff submitted an application to receive funding for its event. Plaintiff requested a total of $3,576.99, which included $1,500 for a speaker fee, $803 and $647 for decorations and camera rentals, $126.99 for advertising and flyers, and $500 as a security fee.

19.  The student government scheduled a meeting to decide if school funding would be allocated to Plaintiff for the event. The meeting was video recorded and was posted on the official website of the Student Senate.

20.  Prior to the meeting, a petition circulated on the internet that garnered over 26,000 signatures demanding that the event be canceled. The Petition can be found at https://www.change.org/p/not-on-our-campus-652c5fdf-1137-456f-a8e5-87debf6bcd91.

21.  The petition stated "The University of South Carolina (USC) has given permission for a student-led organization to bring two well-known ***right-wing*** extremists to Russell House on September 18, 2024." (emphasis added).

22.  The petition included the contact information of the Office of the University President and urged "President Amiridis and The Board of Trustees to formally acknowledge this issue and take steps to modify the name of the event, relocate it from the campus, or consider its total cancellation."

23.  Other prominent voices including a state representative, university professors, and the NAACP called for the event to be canceled.

24.  The calls for cancellation were based on the viewpoints of the speakers who were characterized as "far right."

25.  A student government meeting was held on September 11, 2024, to vote on whether funds should be allocated for Plaintiff's event.

26.  The student leader running the meeting began the meeting by clarifying that the only relevant criteria was whether Plaintiff had properly complied with the Defendant's finance code.

27.  It was acknowledged that Plaintiff had complied with the code.

28. Two student government representatives spoke in opposition of funding the event based on the viewpoint of the featured comedians.

29. Neither speaker suggested that Plaintiff did not comply with the Defendant's finance code.

30. The student government voted to deny funding for the event.

31. The decision was not viewpoint neutral.

32. The student government has funded "far left" groups that represent opposing viewpoints such as the NAACP on October 15, 2021, College Democrats of America on August 30, 2019 and January 30, 2020, and the Feminist Collective's National Young Feminist Leadership Conference, on March 1, 2019.

33. The student government repeatedly funded Students for Justice in Palestine, on several occasions, including October 25, 2019, November 8, 2019, and February 7, 2020.

34. These student-led groups are similarly situated comparators and were granted funding only because, unlike Plaintiff, they expressed a viewpoint favored by the student government.

## CAUSES OF ACTION

### COUNT I: 42 U.S.C. § 1983, First Amendment

35. The foregoing paragraphs are incorporated by reference as if set forth fully herein.

36. Plaintiff is a student-led group that seeks to engage in protected speech.

37. Defendant's decision to deny Plaintiff funding was motivated by the perceived viewpoints of the speakers.

38. Any public official should know that discriminating against a group based on viewpoint violates a clearly established constitutional right.

## COUNT II: Prior Restraint

39. The foregoing paragraphs are incorporated by reference as if set forth fully herein.

40. The Defendant's decision to deny funding seeks to prevent Plaintiff from hosting an event on Defendant's campus based solely on the content and viewpoint.

41. The denial of funding constitutes an impermissible prior restraint on Plaintiff's speech based on viewpoint that was not imposed on similarly situated comparators.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests an award of the following relief,

A. A declaratory judgment that the actions described herein constitute violations of Plaintiff's constitutional rights;

B. Appropriate injunctive relief;

C. Compensatory and actual damages in an amount deemed sufficient by the trier of fact;

D. Punitive damages in an amount deemed sufficient by the trier of fact;

E. An award for costs and reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988;

F. Such other relief as the Court deems necessary and just.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

***SIGNATURE PAGE TO FOLLOW***

                Respectfully submitted,
                **WINSLOW LAW, LLC**


                */s/ Thomas W. Winslow*
                Thomas W. Winslow (SCSB#73584)
                11019 Ocean Highway
                Pawleys Island, SC 29585
                Telephone: (843) 357-9301
                Fax: (843) 357-9303
                tom@winslowlawyers.com
                *Attorney for Plaintiff*

September 27, 2024
Pawleys Island, South Carolina